IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE ALLISON,

                Plaintiff,

  v.

JAMIE ADAMS, SHERYL KINYON,
DR. JUSTIN RIBAULT, JOSIE KRIZ,
KAITLIN KINYON and COURTNEY KEITH,

                Defendants.

ORDER

22-cv-705-wmc

---

Plaintiff Willie Allison, who is representing himself, claims that he was denied timely and effective medical care in violation of the Eighth Amendment while incarcerated at the Wisconsin Secure Program Facility ("WSPF"). In a previous order, he was granted leave to proceed on the following Eighth Amendment claims:

1. In November and December 2021, defendants Jamie Adams, Sheryl Kinyon, Kaitlyn Kinyon and Josie Kriz failed to investigate and treat Allison's complaints of neck pain, arm numbness and breathing problems, and refused to help him apply muscle rub or obtain other treatment for him.

2. On September 18, 2022, defendant Nurse Courtney Keith failed to check on Allison after providing him Tylenol, resulting in Allison fainting and requiring treatment at the emergency room.

3. From November 2021 to May 2023, defendant Dr. Justin Ribault has persisted in providing Allison with inadequate medical treatment for his various problems, including by failing to examine him, providing him ineffective pain medication and other relief, and delaying referring him to outside providers.

(Dkt. #20.) He was denied leave to proceed on several other claims against several individuals who were dismissed as defendants. Since the court issued its screening order, Allison has filed several motions requesting leave to amend his complaint to add additional claims and defendants.

First, he has filed motions requesting to revive his claims against Dr. Douglas Hughes, the neurosurgeon who performed an anterior cervical discectomy and fusion surgery on Allison in August 2022. (Dkt. ##22, 49, 52.) Allison contends that Dr. Hughes's failure to rely on an x-ray machine to assess him post-surgery, rather than a CT scan, amounted to deliberate indifference under the Eighth Amendment. These motions will be denied. As the court explained in its screening order, although Allison blames Dr. Hughes for failing to recognize sooner that his fusion surgery had not healed properly, a good-faith misdiagnosis also does not violate the Eighth Amendment. *See Williams v. Guzman*, 346 F. App'x 102, 106 (7th Cir. 2009). Moreover, once Hughes determined that Allison's fusion surgery was not fully successful, he promptly contacted Allison's DOC medical providers. Neither Allison's original nor amended allegations against Hughes are sufficient to state a claim under the Eighth Amendment.

Second, Allison has filed two motions seeking to add claims against Guardian Healthstaff, the private company that employed defendant Courtney Keith. (Dkt. ##31, 35.) But for the company to be liable under 42 U.S.C. § 1983, it must have had a policy or practice that led to its employee's alleged violation of Allison's rights. *See Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 522 (7th Cir. 2019) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Allison's proposed amended complaints do not suggest that the company had any such policy or practice; in fact, his complaints include no allegations about the company at all. Without such a policy or practice, "vicarious liability under the doctrine of respondeat superior is unavailable against private employers sued under § 1983." *Maniscalco v. Simon*, 712 F.3d 1139, 1145 (7th Cir. 2013). So Allison cannot bring a claim against Guardian Healthstaff.

Finally, Allison has filed several proposed amended complaints seeking to add additional legal theories to his Eighth Amendment claims against all of the remaining defendants, and specifically, arguments about why he should be awarded monetary damages for mental anguish. (Dkt. ##39, 40, 44, 51.) These motions will also be denied. Allison does not need to amend his complaint to include arguments about specific damages he will be seeking, though he will be permitted to make such arguments at trial. Permitting the numerous amended complaints proposed by Allison will only complicate the case.

In addition to the motions filed by Allison, two other matters are before the court. Defendant Keith filed a motion to dismiss (dkt. #37), which will be denied as moot because he later withdrew it. (Dkt. #50.) He also filed a motion for leave to file an amended answer now that he has retained counsel. That motion will be granted.

The final motion is Allison's request for a court order that authorizes him to use his release account to litigate this case. (Dkt. #21.) That motion will be denied. The only circumstance permitting this court to order use of release account funds is when a prisoner's general account has insufficient funds to pay an initial, partial filing fee payment. *See Cooper v. Matti*, No. 21-cv-727-slc, 2021 WL 5987170, at *3 (W.D. Wis. Dec. 16, 2021) ("[T]here is no federal law permitting this court to order prison officials to allow plaintiff to use his release savings account to pay for litigation costs such as postage, copies, and witness fees."). Thus, the court cannot direct state officials to pay for litigation costs from Allison's release account.

ORDER

IT IS ORDERED that:

1. Plaintiff Willie Allison's motions for reconsideration and for leave to amend his complaint (dkt. #22, 31, 35, 39 40, 44, 49, 51, 52) are DENIED.

2. Plaintiff's motion for a court order allowing him access to his release account to litigate this case (dkt. #21) is DENIED.

3. Defendant Courtney Keith's motion to dismiss (dkt. #37) is DENIED as moot, and Keith's motion for leave to file an amended answer (dkt. #50) is GRANTED. Keith may have until September 4, 2024, to file an amended answer.

Entered this 21st day of August, 2024.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge