IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE ALLISON,

                Plaintiff,

v.

JAMIE ADAMS, SHERYL KINYON,
DR. JUSTIN RIBAULT, JOSIE KRIZ,
KAITLIN KINYON and COURTNEY KEITH,

                Defendants.

OPINION and ORDER

22-cv-705-wmc

---

    Plaintiff Willie Allison, who is representing himself, claims that he was denied timely and effective medical care in violation of the Eighth Amendment while incarcerated at the Wisconsin Secure Program Facility ("WSPF"). In a previous order, he was granted leave to proceed on the following Eighth Amendment claims:

1. In November and December 2021, defendants Jamie Adams, Sheryl Kinyon, Kaitlyn Kinyon and Josie Kriz failed to investigate and treat Allison's complaints of neck pain, arm numbness and breathing problems, and refused to help him apply muscle rub or obtain other treatment for him.

2. On September 18, 2022, defendant Nurse Courtney Keith failed to check on Allison after providing him Tylenol, resulting in Allison fainting and requiring treatment at the emergency room.

3. From November 2021 to May 2023, defendant Dr. Justin Ribault has persisted in providing Allison with inadequate medical treatment for his various problems, including by failing to examine him, providing him ineffective pain medication and other relief, and delaying referring him to outside providers.

(Dkt. #20.) He was denied leave to proceed on several other claims against several individuals who were dismissed as defendants. There are several motions before the court.

    First, plaintiff filed an early motion for summary judgment, on October 10, 2024. (Dkt. #66.) Defendants filed a motion requesting that they be given until the dispositive motion

deadline, March 3, 2025, to file a combined brief in opposition to plaintiff's motion and in support of their own motion. (Dkt. #67.) The state defendants later requested that the deadline be extended to March 17, 2025. (Dkt. #80.) Those motions will be granted. Plaintiff filed his motion when there were several months left for the parties to conduct discovery, so an extension is appropriate.

Second, plaintiff filed a motion for a preliminary injunction, requesting that the court order that he be provided Tramadol pain medication and that Dr. Ribault be precluded from providing him any medical care. (Dkt. #69.) Plaintiff's proposed findings of fact and supporting documents show that he was prescribed a short course of Tramadol, post-surgery, that expired in January 2024. Dr. Degiovanni, who treated plaintiff at the prison, requested approval to provide plaintiff with an additional four to six months of Tramadol, to provide him effective pain relief while he considered whether to undergo another surgery. The request was approved but expired again in July 2024. Plaintiff was then referred to Gunderson's pain relief clinic, but he refused the appointment, stating that he would not receive any care from Gunderson. He requested to be seen by UW Hospital instead. Health Services Unit staff told plaintiff that his Tramadol would be discontinued unless he agreed to be seen by Gunderson and try Tylenol, but he refused. Dr. Ribault noted that he did not want plaintiff to rely on Tramadol forever, without considering other interventions that could address the underlying problems.

Even accepting plaintiff's version of events as true, plaintiff is not entitled to preliminary injunctive relief. He received Tramadol for several months, after which Dr. Ribault and Health Services Unit staff offered plaintiff pain relief treatment by scheduling him to be seen by a pain relief clinic. Plaintiff chose not to attend the appointment. But plaintiff does not have a right

2

to dictate the specific treatments he should be provided. Key does not have the right to dictate the specific treatments he should be provided, *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) ("There is not one 'proper' way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field.") "A medical professional is entitled to deference in treatment decisions unless 'no minimally competent professional would have so responded under those circumstances.'" *Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008) (quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998)). A prison medical professional faces liability only if his course of treatment is "such a substantial departure from accepted professional judgment, practice, or standards[] as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 895 (quoting *Collignon*, 163 F.3d at 988). Plaintiff's evidence does not suggest that Dr. Ribault failed to use medical judgment in referring plaintiff to a pain clinic and proposing alternatives to Tramadol. So plaintiff's motion for preliminary injunctive relief will be denied.

Third, plaintiff filed a "notice to the court," stating that he was experiencing retaliation because the business office was refusing to send documents to defendant Keith's attorney on the ground that plaintiff could e-file the documents. (Dkt. #70.) But the business office is correct. Once Keith was served with the initial summons and complaint, and he appeared and filed an answer in the case, plaintiff's future court filings should be served electronically. Thus, this motion will be denied.

Fourth, plaintiff filed a motion requesting to take an oral deposition of non-parties Captain Ericka Collins and Sergeant Crystal Dicken. (Dkt. #73.) He states that Collins and Dicken were present in the Health Services Unit on November 21, 2021 when staff refused to treat him. Plaintiff makes a good argument for why Collins' and Dicken's depositions would

3

be useful to him in this case. However, he does not need their depositions at this stage, particularly because he can provide his own version of events in opposition to defendants' motions for summary judgment. And at trial, he could subpoena Collins and Dickens to be witnesses.

The expense of a traditional deposition before a court reporter poses an insurmountable impediment for plaintiff, as it does for most pro se litigants. Plaintiff proposes that the court authorize him to conduct the deposition without a court reporter and states that he would use recording equipment with the record custodian or notary at the prison serving as the deposition officer. Perhaps this would satisfy the minimum requirements of Rule 30, but the judges of this district have said that the use of prison personnel as deposition officers would raise concerns about impartiality. *See, e.g., Soto v. White*, No. 17-CV-551-JDP, 2018 WL 6338753, at *2 (W.D. Wis. Dec. 5, 2018); *Mathews v. Raemisch*, No. 10-cv-742, at 2 (W.D. Wis. Oct. 31, 2011) ("impartiality problems arise from using any DOC employee as an officer"). Moreover, a deposition has limited value without a transcript, because a deposition cannot be introduced at trial as evidence unless the pertinent portions of the transcript are submitted to the court before trial. Fed. R. Civ. P. 26(a)(3)(ii). Similarly, if the deposition is to be used in support of, or in opposition to, a motion for summary judgment, this court's procedures require that the transcript of the entire deposition be filed first. So, even if the deposition itself could be conducted without a court reporter, in most cases a transcript will have to be prepared sooner or later, and the inmate would have to bear that cost. Ultimately, the court is persuaded that allowing pro se inmates to take recorded depositions without a court reporter would pose significant logistical problems. Therefore, this motion will be denied.

Fourth, plaintiff requests a motion for assistance in recruiting counsel. He states that his case is complicated, and he needs an expert, which he cannot afford. (Dkt. #74.) He has shown that he made efforts to obtain counsel on his own (dkt. #74-1, 74-2, 74-3), but he has not shown that the complexities of this case outweigh his ability to litigate it on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc). Plaintiff has shown that he understands the relevant legal standards and can present facts and arguments clearly and concisely to the court. And although plaintiff says he needs counsel to hire an expert for him, the court has not yet determined whether an expert is necessary for plaintiff to prove his case. The court will reconsider this issue after reviewing the parties' summary judgment materials.

Fifth, plaintiff requests issuance of a subpoena to Gunderson Health System for his medical records, including x-rays and other imaging communications about his medical care to the prison. (Dkt. #75.) This motion will be granted. Plaintiff should be aware that he can also likely submit a medical records request for his own medical records to Gunderson Health System directly.

ORDER

IT IS ORDERED that:

1. Plaintiff Willie Allison's motions for preliminary injunction (dkt. #69), for assistance with the business office (dkt. #70), for oral depositions (dkt. #73), and for assistance in recruiting counsel (dkt. #74) are DENIED.

2. Plaintiff's motion for issuance of a subpoena to Gunderson Health System (dkt. #75) is GRANTED. The clerk of court is directed to issue a subpoena to Gunderson Health System and provide it to plaintiff so that he can arrange for service.

3. Defendants' motions for extension of time (dkt. #67 and dkt. #80) are GRANTED. Defendants may have until March 17, 2025 to file a brief in opposition to plaintiff's motion for summary judgment and in support of defendants' motion.

Entered this 7th day of March, 2025.

        BY THE COURT:

        /s/

        _____
        WILLIAM M. CONLEY
        District Judge